## In re AMERICAN FIDELITY CO.

### Examination of WHITE.

### (Erie County Court. May 25, 1907.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

A surety company, which appoints agents whom it calls "general agents," with authority to solicit business for it as a surety on excise bonds, receive applications, issue bonds, and receive premiums therefor, may not claim that they have not authority to make the agreement with the applicant for a bond, for which an extra premium is paid, that he shall not be liable for any amount the company may become chargeable with on account of the bond.

2. CONTRACT—VALIDITY—PUBLIC POLICY.

The agreement of a surety company with one for whom it gives an excise bond that he shall not be liable for any amount it is chargeable with on account of the bond is not void as against public policy.

Petition of the American Fidelity Company to examine William F. White in supplementary proceedings. Order set aside.

Frank H. Genodette (Chas. Newton, of counsel), for judgment creditor.

Joseph P. Schattner (James Harmon, of counsel), for judgment debtor.

TAYLOR, J. This is a proceeding supplementary to execution. The judgment creditor is a corporation having its main offices in Montpelier, Vt. It established an agency in the city of Buffalo, and solicited business as a surety on excise bonds through general agents, to whom it delegated large authority. These agents issued excise surety bonds of the company to applicants for a premium of $15 per year. This judgment debtor paid a premium of $20 to said agents for such a bond pursuant to an understanding—as he claims—with said general agents that, as consideration for the increased premium, he should be entirely absolved by the bonding company from all financial responsibility under the bond. Pursuant to this preliminary understanding the applicant received from said agents a receipt of the company for said premium paid, on which was endorsed the following:

"It is expressly understood and agreed that, if the bond applied for is issued by the American Fidelity Company, the applicant is not to be liable for any amount the said company may become chargeable with or may pay for or on account of such bond, and that the American Fidelity Company shall pay to the applicant any amount the applicant may be compelled to pay for or on account of the bond."

The applicant began operations under his license, and finally a judgment was obtained by the state commissioner of excise against the applicant for violations of the excise law in an action against him and the surety company. The company paid the judgment, obtained an assignment thereof to itself, and brought this supplementary proceeding as owner of the judgment. The surety company claims to be subrogated to the rights of the plaintiff, and claims, also, as assignee of the judgment.

These claims might be valid, were it not for the above supplemental agreement. I feel that the company's claim that the agents went be-

yond the scope of their authority in making the supplemental agreement, considering all the surrounding circumstances is not tenable; nor should the company be allowed to escape by asserting that the agreement in question is against public policy. These chosen representatives of the company solicited business, received applications, issued bonds, and received premiums therefor. This conceded authority was so great that I cannot hold the act of making this supplemental agreement to be outside the scope thereof sufficiently to deprive the judgment debtor of a benefit to obtain which he was induced to pay an additional fee. This company selected its own agents, called them "general agents," and gave them authority which, to those dealing with them, may well have seemed complete. If the agents have gone so far in their zeal to do business for their principal that some one must suffer loss, that principal, and not its patron, must bear the loss.

As to "public policy," I believe that no corporation or person should be allowed to escape performance of a contract by resorting to this cry, unless the public welfare is clearly involved; and in the proceeding at bar the equities of the situation are not of large assistance to the judgment creditor.

The motion of the judgment debtor is granted, with $10 costs, and an order may be entered vacating and setting aside the order in supplementary proceedings heretofore granted, and setting aside all proceedings thereunder.